# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDEEP SINGH SANDHU,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | Case No. 1:25-cv-00972-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner, represented by counsel, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On August 5, 2025, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Petitioner alleged that he has been detained by U.S. Immigration and Customs Enforcement ("ICE") beyond the removal period authorized by law, in violation of the Fifth Amendment, 8 U.S.C. § 1231(a)(6), and implementing regulations. (ECF No. 1 at 8–9.[1]) Petitioner requested release from custody. (Id. at 10.) On October 7, 2025, Respondents filed a response, and on October 21, 2025, Petitioner filed a reply. (ECF Nos. 13, 14.) On November 20, 2025, Respondents filed a notice, which states: "According to Immigration and Customs Enforcement, Mr. Sandhu has been deported to India. Given that, it appears this matter is now mooted." (ECF No. 20.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner requested release from ICE custody. (ECF No. 1 at 10.) Per Respondents' notice, Petitioner has been removed to India, and counsel for Petitioner has not filed any response to the notice disputing Petitioner's removal. As Petitioner is no longer in ICE custody, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as moot.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any**

**exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3